UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

DARRYL MACKLIN,

                                       Plaintiff,           No. 13-cv-2593 (JGK)

    -against-

THE CITY OF NEW YORK, a municipal entity; and New York City Police Officers EDWARD CARRASCO JIMENEZ (Shield #016880) and CHRISTIAN SANCHEZ, in their individual capacities,

                                    Defendants.

**SECOND AMENDED COMPLAINT**

**JURY TRIAL**

------------------------------------------------------------------ X

       Plaintiff DARRYL MACKLIN, by his attorneys, Beldock Levine & Hoffman LLP, as and for his complaint against THE CITY OF NEW YORK, a municipal entity; and New York City Police Officers EDWARD CARRASCO JIMENEZ (Shield #016880) and CHRISTIAN SANCHEZ, in their individual capacities, alleges as follows:

**PRELIMINARY STATEMENT**

1.    This is a civil rights action brought under 42 U.S.C. § 1983 for violations of rights guaranteed to the plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution, and for violations of the laws of the State of New York by defendants THE CITY OF NEW YORK, and New York City Police Officers EDWARD CARRASCO JIMENEZ (Shield #016880) and CHRISTIAN SANCHEZ.

2.    Plaintiff seeks redress for substantial injuries he suffered when defendants Officers CARRASCO JIMENEZ and SANCHEZ unlawfully detained, frisked, arrested, and maliciously prosecuted him. The defendant officers approached plaintiff without any suspicion of any illegal

1

activity while he stood in the hallway of his girlfriend's apartment building, in front of her apartment door, and when they asked him what he was doing there, he told them, in sum and substance, "I'm waiting for my girlfriend here in apartment 2E." The officers did not knock on the door to apartment 2E to confirm that plaintiff's girlfriend lived there. Instead, they detained and frisked him, demanded to see his identification (which he produced), arrested him, and falsely charged him with criminal trespass and other offenses that were dismissed.

3.      Plaintiff seeks (i) compensatory damages for physical injury, psychological and emotional distress, and other financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional law; and (iii) such other and further relief, including costs and attorneys fees, as this Court deems equitable and just.

## JURISDICTION

4.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

5.      Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) over any and all state constitutional and common law claims that are so related to the federal claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

6.      This Court is the proper venue pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to plaintiff's claims took place.

## JURY DEMAND

7.      Plaintiff demands a trial by jury in this action on each and every one of his claims for which jury trial is legally available.

## THE PARTIES

8.      Plaintiff DARRYL MACKLIN, a citizen of the United States, is and was at all times relevant to this complaint a resident of Bronx County, City and State of New York.

9.      Defendant THE CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, and does maintain the New York City Police Department ("NYPD") which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

10.     Defendants NYPD Officers EDWARD CARRASCO JIMENEZ (Shield #016880) and CHRISTIAN SANCHEZ are NYPD Police Officers who unlawfully detained, frisked and arrested plaintiff without suspicion of any illegal activity and lodged false criminal charges against him.

11.     At all times relevant herein, defendants NYPD Officers CARRASCO JIMENEZ and SANCHEZ have acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or officers of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the City and/or the NYPD.

12.     At the times relevant herein, defendants NYPD Officers CARRASCO JIMENEZ and SANCHEZ violated clearly established rights and standards under the Fourth and Fourteenth Amendments to the United States Constitution, of which reasonable police officers in their respective circumstances would have known.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

13. Plaintiff served his Notice of Claim upon the City of New York by certified mail on July 18, 2012, within ninety days of the events giving rise to his claims.

14. Plaintiff has never been asked to attend a hearing pursuant to section 50-h of the New York General Municipal Law.

15. This action is filed within one year and ninety days of the events giving rise to plaintiff's claims.

## STATEMENT OF FACTS

16. Plaintiff was born and raised in the Bronx. He is 36 year old and is African-American. Other than the unlawful arrest described herein, plaintiff has never been arrested.

17. Starting in 1996, plaintiff was an NYPD Auxiliary Police Officer for approximately seven years. He received certifications and awards for his service as an Auxiliary Police Officer, including, a certificate of accomplishment for completing the NYPD Auxiliary Police Basic Training Course; a certificate for participating in a course of study in a Heartsaver Program in accordance with standards established by the American Heart Association; an acknowledgment of "commendable performance" from the Awards Board of Review of the Auxiliary Police Section for participating in the 1999 Millennium Detail (which the Board called "a credit to the community, the Police Department and the Auxiliary Police Program"); and a certificate of recognition from the 50th Precinct for participating in the September 11th Candlelight Vigil Detail in Van Cortlandt Park on September 11, 2002.

18. On or about the night of April 20, 2012, plaintiff went to 1360 Plimpton Avenue in the Bronx to meet his girlfriend, Nastassia Brown, who lived in apartment 2E.

19. Upon information and belief, 1360 Plimpton Avenue is a privately-owned apartment building that was enrolled in the NYPD's Trespass Affidavit Program ("TAP"), also known as "Operation Clean Halls."

20. Plaintiff entered 1360 Plimpton Avenue and went to Ms. Brown's apartment on the second floor. Ms. Brown told plaintiff that she needed a few minutes to get ready, and because Ms. Brown lived with her mother who was not then dressed for company, plaintiff respectfully waited for Ms. Brown in the hall.

21. While plaintiff was standing in the hall in close proximity to Ms. Brown's door, defendants NYPD Officers CARRASCO JIMENEZ and SANCHEZ approached him. One or both of the officers asked plaintiff in sum and substance, "where's the weed at?" Plaintiff replied that he did not know what they were talking about.

22. One or both of the officers then asked plaintiff what he was doing in the building, and plaintiff told the officers that he was waiting for his girlfriend who lives "here," gesturing toward her door, in apartment 2E. Neither officer knocked on the door to apartment 2E.

23. One of the officers placed his hand on plaintiff and the officers brought plaintiff to the stairway landing where one or both of them frisked him against the wall. The officers asked plaintiff for his identification and he gave them his valid New York State non-driver ID.

24. Plaintiff again told the officers that his girlfriend lived in apartment 2E. One of the officers then said in sum and substance that he would go "check it out." However, no one knocked on the door to apartment 2E to verify what plaintiff had told the officers; when Ms. Brown came out of her apartment to join plaintiff for the evening, all she knew was that plaintiff had disappeared.

25.     One of the officers placed plaintiff in handcuffs behind his back and led him outside where he put plaintiff in the back of a police car.  Several minutes later, the officers drove plaintiff to the 44th Precinct.

26.     On or about the afternoon of Sunday, April 22, 2012, plaintiff was brought before a judge and arraigned on two misdemeanor charges, Criminal Trespass in the 2nd degree and 3rd degree, in violation of N.Y. Penal Law §§ 140.15(1) and 140.10(a), respectively; and a trespass violation under N.Y. Penal Law § 140.05.  Plaintiff was released on his own recognizance.

27.     On July 18, 2012, plaintiff had to return to court to answer the criminal charges lodged against him.  Upon information and belief, on that date, plaintiff appeared before acting Bronx County Supreme Court Justice Harold Adler.  Ms. Brown had come with plaintiff to the July 18 court appearance and presented documentation with her address at 1360 Plimpton Avenue, apartment 2E, and explained that she had given plaintiff permission to be in the building. Assistant District Attorney (ADA) Courtney Robbins moved to dismiss the charges against plaintiff.  After questioning ADA Robbins about why plaintiff had been arrested, Justice Adler dismissed the charges, stating:

> He was approached because he was standing somewhere in the building in a Clean Halls.  But in certain communities where people are approached and essentially asked -- and I say this gentle -- where are your papers, as if you're in Berlin.  You didn't make the arrest.
> This Complaint is not facially sufficient.  I can't tell you how many times people, who have never been arrested before, spend the equivalent of three days in jail before they see a judge.  They're released and they committed no crime. There needs to be a better way to resolve the issues besides, okay, I can't verify why you're here.  Let's leave the building.
> Dismissed and sealed.  I'm sorry for this indignity.

*People v. Macklin¸* Docket #23891C/2012 (N.Y. Sup. Ct., Bronx Cnty., Criminal Term, Part M4, July 18, 2012), transcript at 2:23 to 3:12 (annexed hereto as Exhibit 1).

28. Defendants' conduct caused plaintiff to suffer loss of liberty, loss of income, emotional and psychological pain, embarrassment, humiliation, and harm to his reputation.

**FIRST CAUSE OF ACTION**
**42 U.S.C. § 1983 – Violations of Fourth and Fourteenth Amendment Rights**

29. Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

30. In committing the acts and omissions complained of herein, defendants NYPD Officers CARRASCO JIMENEZ and SANCHEZ acted under color of state law to deprive plaintiff of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to:

   a. the right to be free from unreasonable search and seizure of his person;

   b. the right to be free from arrest without probable cause;

   c. the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion, or legal justification, and of which detention plaintiff was aware and to which he did not consent;

   d. the right to be free from the lodging of false criminal charges against him by police officers;

   e. the right to be free from malicious prosecution by police officers, that being prosecution without probable cause that is instituted with malice and that ultimately terminated in plaintiff's favor;

   f. the right to be free from abuse of process;

   g. the right to be free from deprivation of liberty without due process of law; and

   h. the right to equal protection, privileges, and immunities under the laws.

31. In committing the acts and omissions complained of herein, defendants NYPD Officers CARRASCO JIMENEZ and SANCHEZ breached their affirmative duty to intervene to protect

the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

32.     As a direct and proximate result of defendants NYPD Officers CARRASCO JIMENEZ and SANCHEZ's deprivation of plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

33.     The unlawful conduct of defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
### Municipal Liability Pursuant to 42 U.S.C. § 1983

34.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

35.     At all relevant times, the City, acting through the NYPD and the individual defendants, has implemented, enforced, encouraged, and sanctioned a policy, practice, and/or custom of stopping and frisking people without the reasonable articulable suspicion of criminality required by the Fourth Amendment, and in particular, has displayed deliberate indifference toward a widespread practice of unconstitutional stops and frisks by the NYPD inside of TAP buildings.

36.     At all relevant times, the City, acting through the NYPD and the individual defendants, has implemented, enforced, encouraged and/or sanctioned a policy, practice and/or custom of unconstitutional trespass arrests inside of TAP buildings without the probable cause required by the Fourth Amendment, and in particular, has displayed deliberate indifference toward a widespread practice of unconstitutional trespass arrests by the NYPD inside of TAP buildings.

37.     The defendants' unconstitutional conduct alleged herein was directly and proximately caused by policies, practices, and/or customs devised, implemented, enforced, encouraged and sanctioned by the City including: (a) the failure to adequately and properly screen, train, and

supervise NYPD officers; (b) the failure to properly and adequately monitor and discipline NYPD officers; and (c) the overt and tacit encouragement and sanctioning of, and the failure to rectify, the NYPD's practices of conducting suspicionless stops and frisks and making trespass arrests absent probable cause inside of TAP buildings.

38. By displaying deliberate indifference toward a widespread practice of unconstitutional stops and frisks and trespass arrests inside of TAP buildings, the City caused the plaintiff to be subjected to the violations of his constitutional rights alleged herein.

39. As a result of the foregoing, plaintiff suffered the injuries and damages alleged herein.

## THIRD CAUSE OF ACTION
*Respondeat Superior*

40. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

41. At all relevant times, defendants NYPD Officers CARRASCO JIMENEZ and SANCHEZ were employees of the City and were acting within the scope of their employment.

42. The City is therefore vicariously liable under the doctrine of r*espondeat superior* for the actions of defendants NYPD Officers CARRASCO JIMENEZ and SANCHEZ set forth herein.

## FOURTH CAUSE OF ACTION
Violations of the New York State Constitution

43. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

44. Defendants subjected plaintiff to the foregoing acts and omissions without due process of law, thereby depriving plaintiff of rights, privileges, and immunities guaranteed by Article 1, §§ 1, 6, and 12 of the New York State Constitution, including, without limitation, the following:

    a. Plaintiff was deprived of his rights and privileges guaranteed by Article 1, § 1 of the New York State Constitution;

    b.    Plaintiff was deprived of his right to due process guaranteed by Article 1, § 6 of the New York State Constitution; and

    c.    Plaintiff was deprived of his right to be free from unreasonable searches and seizures guaranteed by Article 1, § 12 of the New York State Constitution.

45. As a direct and proximate result of defendants' deprivations of plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, plaintiff suffered the injuries and damages set forth above.

### FIFTH CAUSE OF ACTION
**Assault and Battery**

46. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

47. Defendants NYPD Officers CARRASCO JIMENEZ and SANCHEZ, without just cause, wilfully and maliciously used physical force against plaintiff causing his injuries.

48. Defendants NYPD Officers CARRASCO JIMENEZ and SANCHEZ committed the foregoing acts intentionally, wilfully, and with malicious disregard for plaintiff's rights, and are therefore liable for punitive damages.

### SIXTH CAUSE OF ACTION
**False Imprisonment**

49. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

50. Defendants NYPD Officers CARRASCO JIMENEZ and SANCHEZ, through the foregoing acts, caused plaintiff to be wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which detention plaintiff was aware and to which he did not consent.

51. Defendants NYPD Officers CARRASCO JIMENEZ and SANCHEZ committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

## SEVENTH CAUSE OF ACTION
### Malicious Prosecution

52. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

53. Defendants NYPD Officers CARRASCO JIMENEZ and SANCHEZ, through the foregoing acts, maliciously commenced a criminal proceeding against plaintiff, which ended in his favor, without probable cause to believe plaintiff was guilty of the crimes charged.

54. Defendants NYPD Officers CARRASCO JIMENEZ and SANCHEZ committed the foregoing acts intentionally, willfully, and maliciously, and are therefore liable for punitive damages.

## EIGHTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

55. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

56. Defendants NYPD Officers CARRASCO JIMENEZ and SANCHEZ, through the foregoing acts, did commit extreme and outrageous conduct and thereby intentionally, and/or recklessly caused plaintiff to experience severe mental and emotional distress, pain, suffering, and damage to name and reputation.

57. Defendants NYPD Officers CARRASCO JIMENEZ and SANCHEZ committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

## NINTH CAUSE OF ACTION
### Negligence

58. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

59. Defendants NYPD Officers CARRASCO JIMENEZ and SANCHEZ owed plaintiff a duty of care, including the duty to exercise due care in the course of their duties as NYPD officers and the duty to protect citizens from the intentional misconduct of other NYPD officers.

60. Defendants NYPD Officers CARRASCO JIMENEZ and SANCHEZ, by the foregoing acts, negligently failed to use due care in the performance of their duties in that they failed to perform their duties with the degree of care that a reasonably prudent and careful officer would have used under similar circumstances.

61. All of these acts were performed without any negligence on the part of plaintiff and were the proximate cause of injuries to plaintiff.

## TENTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

62. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

63. As police officers acting in the performance of their duties, defendants NYPD Officers CARRASCO JIMENEZ and SANCHEZ owed plaintiff a duty of care.

64. In breach of that duty, defendants NYPD Officers CARRASCO JIMENEZ and SANCHEZ's foregoing conduct endangered plaintiff's safety and caused him to fear for his safety.

65. As a result, plaintiff suffered emotional distress.

## DEMAND FOR RELIEF

**WHEREFORE**, plaintiff demands the following relief against the defendants, jointly and severally:

    (a)    compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

    (b)    punitive damages from defendants NYPD Officers CARRASCO JIMENEZ and SANCHEZ to the extent allowable by law;

    (c)    attorneys fees;

    (d)    the costs and disbursements of this action;

    (e)    interest; and

    (f)    such other and further relief as this Court deems just and proper.

Dated: New York, NY
August 28, 2013

BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue, Suite 1600
New York, New York 10016
(212) 490-0400

_____
Jonathan C. Moore
Joshua S. Moskovitz

*Attorneys for Plaintiff Darryl Macklin*

# EXHIBIT 1

```
 1   SUPREME COURT OF THE STATE OF NEW YORK

 2   COUNTY OF BRONX : CRIMINAL TERM : PART M4

 3   ------------------------------------------x

 4   THE PEOPLE OF THE STATE OF NEW YORK       : Docket #:
                                                 23891C/2012
 5              - against -                    :

 6   DARRYL MACKLIN,                           : Calendar Call

 7                        Defendant(s).        :

 8   ------------------------------------------x

 9                    265 East 161st Street
                      Bronx, New York   10451
10                    July 18, 2012

11   B E F O R E,

12        HONORABLE HAROLD ADLER,
             Supreme Court Justice
13

14   A P P E A R A N C E S:

15           OFFICE OF ROBERT T. JOHNSON, ESQ.
             198 East 161st Street
16           Bronx, New York 10451
             BY: COURTNEY ROBBINS, ESQ.
17           Assistant District Attorney

18
             The Bronx Defenders
19           860 Courtlandt Avenue
             Bronx, New York 10451
20           BY: ANGELO PETRIGH, ESQ.
             For the Defendant
21

22


23
                            Tracy Smith
24                          Senior Court Reporter

25
```

Proceedings

| | |
|---|---|
| 1 | COURT CLERK: 68, Darryl Macklin. |
| 2 | MR. PETRIGH: Bronx Defenders by Angelo Petrigh, |
| 3 | P E T R I G H. |
| 4 | MS. ROBBINS: Courtney Robbins. |
| 5 | Your Honor, as to defendant Macklin, the People |
| 6 | are moving to dismiss as we will be unable to meet our |
| 7 | burden of proof at trial. |
| 8 | THE COURT: One second. |
| 9 | When you say you're unable to meet our burden, |
| 10 | what does that mean? That he didn't commit a crime? |
| 11 | MS. ROBBINS: The defense brought today a |
| 12 | witness who said she gave him permission and authority to |
| 13 | be in the building. |
| 14 | We would be unable to meet our burden. |
| 15 | THE COURT: You have the file? |
| 16 | MS. ROBBINS: I do, Your Honor. |
| 17 | THE COURT: Why was he arrested? |
| 18 | I'm not trying to be difficult. It will be |
| 19 | dismissed. |
| 20 | MS. ROBBINS: At the time the officer |
| 21 | investigated the apartment, no one was there to vouch for |
| 22 | the defendant's presence in the building. |
| 23 | THE COURT: He was approached because he was |
| 24 | standing somewhere in the building in a Clean Halls. But |
| 25 | in certain communities where people are approached and |

essentially asked -- and I say this gentle -- where are your papers, as if you're in Berlin. You didn't make the arrest.

This Complaint is not facially sufficient. I can't tell you how many times people, who have never been arrested before, spend the equivalent of three days in jail before they see a judge. They're released and they committed no crime. There needs to be a better way to resolve the issues besides, okay, I can't verify why you're here. Let's leave the building.

Dismissed and sealed. I'm sorry for this indignity.

\*   \*   \*   \*

Certified to be a true and accurate transcript of the stenographic minutes taken within.

*Tracy Smith*
Tracy Smith
Senior Court Reporter